U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 2 8 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> SUNRISE HOSPITALITY BC II, L.L.C., d/b/a MICROTEL INNS & SUITES, <br><br> Defendant. | 5:06cv1684 <br> **JUDGE HICKS** <br> **MAG. JUDGE HORNSBY** <br><br> <u>COMPLAINT</u> <br><br> <u>JURY TRIAL DEMAND</u> |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide appropriate relief to Trenica Adams, and other similarly situated black job seekers who were adversely affected by such practices.

The U.S. Equal Employment Opportunity Commission ("EEOC" or the "Commission") alleges that Sunrise Hospitality, BC II, L.L.C., d/b/a Microtel Inns and Suites ("Microtel" or "Defendant") (and their successor) terminated Trenica Adams and then refused to rehire her for a Front Desk position, based on her race, black, in June 2004. Further, EEOC alleges that Microtel failed to hire Blacks as a class for Front Desk positions due to their race. These allegations are discussed in greater particularity in paragraph 7 below.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Louisiana, Shreveport Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(1) and (3).

4. At all relevant times, Sunrise Hospitality, BC II, L.L.C., d/b/a Microtel Inns and Suites ("Microtel" or "Defendant"), has continuously been a domestic corporation doing business in the State of Louisiana and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Trenica Adams filed a charge with the Commission alleging violations of Title VI I of the Civil Rights Act of 1964, as amended. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Around Spring and Summer 2004, Defendant engaged in unlawful employment practices in violation of Section 703(a)(1)and(2) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-2(a)(1)and(2). Specifically,

   A. Around January 2004, Keith Gamble (white male), an owner of Sunrise Hospitality BC-II, LLC, informed his then General Manager Don Williams that too many of the front desk employees were Black, and that he should fire the current front desk employees and hire replacements who were not Black.

   B. Trenica Adams worked for Microtel Inns and Suites from August 2002 until she was terminated in June 2004. In June 2004, Defendant did not permit her to return to the day shift after a period of maternity leave, although positions were available on that shift; Yates knew that Ms. Adams' childcare responsibilities inhibited her from working the night shift. Rather, Ms. Adams was terminated for supposed "Failure to return from leave" and "Job dissatisfaction-hours."

   C. Around March 2004, a white female, Mary Yates, became the General Manager. Ms. Yates hired eight white females between April 2004 and June 2004 to work the front desk. No blacks were hired despite the fact that many of the applicants were black. Ms. Adams was passed over despite her experience and expressed interest in returning to the job.

   D. Kevin Dzurik, another of Sunrise's owners, told a member of the hotel's management that he "wanted pretty people on the front desk." Another owner stated that Sunrise wanted "blonde heads and big breasts" at the front desk.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Trenica Adams, and other similarly situated blacks of equal employment opportunities and otherwise adversely affect their status as employees because of their race.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or reckless indifference to the federally protected rights of Trenica Adams, and other similarly situated black employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of race.

B. Order Defendant Employer, its officers, successors, assigns, to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer, its officers, successors, assigns, to make whole Trenica Adams and other similarly situated black employees by providing appropriate back

pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer, its officers, successors, assigns, to make whole Trenica Adams and other similarly situated black employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7, including but not limited to job search expenses in amounts to be determined at trial.

E. Order Defendant Employer, its officers, successors, assigns, to make whole Trenica Adams, and other similarly situated black employees, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, lowered self esteem and humiliation, in amounts to be determined at trial.

F. Order Defendant Employer, its officers, successors, assigns to pay Trenica Adams, and other similarly situated black employees punitive damages for its malicious and reckless conduct, as described in paragraph 7 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its cost of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

**RONALD S. COOPER**
General Counsel
No Bar Roll Number Assigned

**JAMES L. LEE**
Deputy General Counsel
No Bar Roll Number Assigned

**GWENDOLYN YOUNG REAMS**
Associate General Counsel
No Bar Roll Number Assigned

Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, D.C. 20507

_/s/ Jim Sacher/by MPB_
**JIM SACHER**
Regional Attorney
Bar Roll No. 14888

_/s/ Rudy Sustaita/by MPB_
**RUDY SUSTAITA**
Supervisory Trial Attorney (Acting)
No Bar Roll No. Assigned

Equal Employment Opportunity Commission
Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002

*/s/ Michelle T. Butler*

**MICHELLE T. BUTLER (T.A.)**
Senior Trial Attorney
Bar Roll Number 1286

Equal Employment Opportunity Commission
New Orleans Field Office
1555 Poydras Avenue, Suite 1900
New Orleans, LA 70112
Tel:	(713)209-3398 (Sacher)
	(713) 209-3400 (Sustaita)
	(504) 595-2872 (Butler)(TA)
Fax:	(504) 595-2886

REGISTERED AGENT FOR
SERVICE OF PROCESS:

G. Warren Thornell
610 Marshall Street, Ste. 314
Shreveport, LA. 71101



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New Orleans Field Office**

1555 Poydras Avenue, Suite 1900
New Orleans, LA 70112-
(504) 595-2825
TTY (504) 589-2958
FAX (504) 589-6861

Michelle Butler Direct Dial (504) 595-2872

September 27, 2006

Sent by U.S. Mail Postage Paid

Honorable Richard Shemwell
United States Clerk of Court
United States District Court
Western District of Louisiana
300 Fannin Street, Suite 1167
Shreveport, Louisiana 71101

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 28 2006

ROBERT H. SHEMWELL, CLERK
BY _____
         DEPUTY

RE:   EEOC v. SUNRISE HOSPITALITY BC II, L.L.C.
      d/b/a MICROTEL INNS & SUITE

Dear Sir:

Enclosed, please find an original and several copies of EEOC's Complaint against Sunrise Hospitality BC II, L.L.C., d/b/a Microtel Inns & Suites. Please file the original complaint into the court's record and return all other stamped copies in the self-addressed envelope provided. In addition, please find an original and two copies of a Civil Summons from Plaintiff EEOC's to serve its Complaint against Defendant Sunrise Hospitality BC II, L.L.C., d/b/a Microtel Inns & Suites. Also, please return the original and a stamped copy of the Summons in the self-addressed stamped envelope provided. Thank you.

Sincerely,

Michelle T. Butler
Senior Trial Attorney

Ella
504-595-2879

Enclosures